UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
GOLDEN TRIANGLE COMPANY,

MEMORANDUM AND ORDER

Plaintiff,

-against-                                                         CV 10-2933 (LDW) (WDW)

FONAR CORPORATION, *et al.*,

Defendants.
--------------------------------------------------X

WEXLER, District Judge

Plaintiff Golden Triangle Company brings this diversity action against defendants Fonar

Corporation ("Fonar") and three executive officers of Fonar – Raymond Damadian,

Sol Ginzburg, and David Terry (the "individual defendants"). Defendants move to dismiss all

claims in the Amended Complaint except for the breach of contract claim against Fonar pursuant

to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff opposes

the motion. For the reasons below, the motion is granted.


I. BACKGROUND

For purposes of this motion, the complaint can be summarized as follows. On or about

December 14, 2005, plaintiff, a foreign corporation with its principal place of business in

Kuwait, contracted with Fonar to purchase an Indomitable Stand-Up MRI machine ("MRI

machine") for $1,615,000 for shipment to Kuwait. Plaintiff made a 10% down payment and later

made additional payments to Fonar totaling $1,525,500. According to plaintiff, Fonar

intentionally failed to ship the MRI machine, in breach of the contract. Plaintiff asserts six

claims in the Amended Complaint: (1) breach of contract; (2) fraud; (3) conspiracy to defraud;

(4) conversion; (5) violation of New York General Business Law ("GBL") § 349; and (6) misuse of corporate form.  Defendants move to dismiss claim 1 as against the individual defendants and claims 2 through 6 as against all defendants.

## II.  <u>DISCUSSION</u>

### A.  <u>Motion to Dismiss Standard</u>

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). While heightened factual pleading is not the new order of the day, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.  On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all inferences in favor of the non-moving party.  *Plair v. City of New York,* 2011 WL 2150658, *2 (S.D.N.Y. 2011).  However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010).  A pleading that does nothing more than recite facts and bare legal conclusions is insufficient to "unlock the doors of discovery ... and only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal,* 129 S. Ct. at 1950.  Although a Rule 12 motion is directed only to the sufficiency of the pleading, the court may consider written documents attached to the complaint as well as documents incorporated therein by reference and those of

which plaintiff had knowledge and relied upon in commencing the action. *See Brass v. Amer. Film Techn., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

B. Analysis of Claims

    1. Breach of Contract Claim

As for the breach of contract claim, defendants argue that plaintiff does not allege that the individual defendants undertook any personal commitment or obligation to plaintiff, and that corporate officers are not personally liable for contracts of their corporate employer. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1177 (2d Cir. 1993). Plaintiff argues that the individual defendants may be directly liable to plaintiff to the extent that they participated in or benefitted from an alleged conspiratorial scheme.

Notwithstanding plaintiff's argument, the allegations are not sufficient to state a claim against the individual defendants – non-parties to the contract – for breach of contract. The Amended Complaint does not allege any grounds upon which to hold the individual defendants, as officers of Fonar, liable on a contract between plaintiff and Fonar. Accordingly, the breach of contract claim is dismissed as against the individual defendants.

    2. Fraud Claim

As for the fraud claim, plaintiff alleges that defendants made representations that the MRI machine would be shipped upon receipt of confirmation that the site in Kuwait was ready in order to deceive plaintiff into foregoing litigation and collection activity regarding the money it had paid. Defendants argue that plaintiff fails to plead the necessary elements for fraud, *see*, *e.g.*, *Crigger v. Fahnstock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006) (elements of fraud claim include (a) material misrepresentation or omission of fact; (b) made by defendant with knowledge of

falsity; (c) with intent to defraud plaintiff; (d) on which misrepresentation plaintiff reasonably relied; and (e) resulting in plaintiff suffering damage), and that it fails to plead the fraud with particularity, *see* FRCP 9(b); *see also Intelligent Digital Sys., LLC v. Visual Mgmt. Sys., Inc.*, 683 F. Supp. 2d 278, 286 (E.D.N.Y. 2010) ("Complaints alleging fraud are required to: (1) state the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."). Defendants also argue that plaintiff has essentially recharacterized the breach of contract claim as a fraud claim, which it may not do under New York law. S*ee Bridgestone/Firestone, Inc. v. Recovery Credit Servs.*, 98 F.3d 13, 19-20 (2d Cir. 1996).

The Court agrees with defendants that plaintiff's purported fraud claim is essentially a recharacterization of the breach of contract claim – a claim that Fonar failed to deliver the MRI machine as provided under the contract, and, as such, fails to state a claim for fraud. *See id.* Absent allegations of fraud as to representations collateral or extraneous to the contractual promises to deliver the MRI machine, the fraud claim fails. *See D.S. Am. (East), Inc. v. Chromagrafx Imaging Sys., Inc.*, 873 F. Supp. 786, 795-96 (E.D.N.Y. 1995). Accordingly, the fraud claim is dismissed.

3. Conspiracy to Defraud Claim

As for the conspiracy to defraud claim, plaintiff alleges, in conclusory terms, that the individual defendants transferred Fonar assets to defraud plaintiff and to hide business assets from creditors. As defendants argue, such conclusory allegations are insufficient to state a claim. Accordingly, the conspiracy to defraud claim is dismissed.

4. <u>Conversion Claim</u>

As for the conversion claim, plaintiff alleges that defendants have maintained custody and control of the MRI machine duly paid for by plaintiff, thereby converting plaintiff's goods and money. For a conversion claim, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights. *Jacob v. Kimberly-Clark Corp.*, 2006 WL 1582149, at *6 (E.D.N.Y. June 5, 2006) (Glasser, J.). Moreover, a conversion claim cannot be maintained where damages are merely being sought for breach of contract. *Id.*

As defendants argue, plaintiff essentially attempts to convert its breach of contract claim into a conversion claim. As such, the conversion claim fails. *See id.* Accordingly, the conversion claim is dismissed.

5. <u>GBL § 349 Claim</u>

As for the GBL § 349 claim, plaintiff argues that defendants' alleged conduct is a deceptive act and/or practice. To state a claim under GBL § 349, a plaintiff must show: (1) acts or practices that are "consumer oriented"; (2) that such acts or practices are deceptive or misleading in a material way; and (3) that the plaintiff has been injured by reason of those acts. *See Gaidon v. Guardian Life Ins. Co.*, 704 N.Y.S.2d 177, 182-83 (N.Y. 1999); *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 126 (2d Cir. 2000); *Schroeder v. Capital One Fin. Corp.*, 665 F. Supp. 2d 219, 226 (E.D.N.Y. 2010). The consumer-oriented prong of a GBL § 349 claim requires a plaintiff to show that the practices complained of have a "broad impact on consumers

at large; 'private contract disputes unique to the parties ... would not fall within the ambit of the statute.' " *New York Univ. v. Continental Ins. Co.*, 639 N.Y.S.2d 283, 290 (N.Y. 1995) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 623 N.Y.S.2d 529, 532 (N.Y. 1995)); *see also Shapiro,* 212 F.3d at 126.

As defendants argue, the private contract dispute alleged here does not fall within the scope of GBL § 349. As such, the GBL § 349 claim fails. Accordingly, the GBL § 349 claim is dismissed.

6. Misuse of Corporate Form Claim

As for the misuse of corporate form claim, plaintiff alleges that the individual defendants exercised total domination and control over Fonar and utilized that domination and control to commit the wrongs alleged by plaintiff. Defendants argue that plaintiff merely seeks an equitable remedy, not a claim, and, in any event, fails to sufficiently plead the elements necessary to pierce the corporate veil, namely that (a) the owners exercised complete domination of the corporation and (b) such domination was used to commit a fraud or wrong against the plaintiff. *See Morris v. N.Y. State Dep't of Taxation & Fin.*, 603 N.Y.S.2d 807, 810-11 (N.Y. 1993); *MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 63 (2d. Cir. 2001); *Panam Mgmt. Group, Inc. v. Pena*, 2011 WL 3423338, at *6-7 (E.D.N.Y. Aug. 4, 2011) (Bianco, J.); *Kitty Walk Sys. v. Midnight Pass Inc.*, 2008 WL 142011, *4 (E.D.N.Y. Jan. 11, 2008) (Wexler, J.). New York courts consider various factors in deciding whether to pierce the corporate veil, including: (1) the absence of adherence to corporate formalities; (2) inadequate capitalization; (3) whether funds are put in and taken out of the corporation for personal rather than corporate

purposes; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the amount of business discretion displayed by the allegedly dominated corporation; (7) whether the related corporations deal with the dominated corporation at arms length; (8) whether the corporations are treated as independent profit centers; (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group; and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own. *MAG Portfolio*, 268 F.3d at 63.

As defendants argue, plaintiff's allegations of domination and control are merely conclusory and insufficient to satisfy the elements for piercing the corporate veil. Accordingly, the misuse of corporate form claim is dismissed.

## III. CONCLUSION

For the above reasons, defendants' motion to dismiss is granted. As a result, all claims are dismissed except plaintiff's breach of contract claim against Fonar.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       August 15, 2011